**UNITED STATES of America, Appellee,**

v.

**Hubert L. CLARKE, Defendant**

**and**

**Alex Mingo, Defendant–Appellant.**

No. 05–2753–cr.

United States Court of Appeals, Second Circuit.

Sept. 19, 2007.

Bernard H. Udell, Brooklyn, NY, for Appellant.

Michael J. Ramos, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Alex Mingo ("defendant") appeals from a judgment of conviction sentencing him to a term of 210 months' imprisonment, five years of supervised release, and a special assessment of $400. Defendant was convicted, after a jury trial, of four counts in connection with his role in a cocaine importation and trafficking ring in violation of 21 U.S.C. §§ 841(a)(1), 943, 952(a)(1), and 963. He appeals only the sentence imposed by the District Court. In particular, he contests the calculation of drug quantity that formed the basis of the District Court's sentencing decision, and the District Court's failure to apply safety-valve relief in accordance with U.S.S.G. § 5C1.2(a). Additionally, in a separate *pro se* brief, defendant argues that the District Court impermissibly interfered in the plea agreement negotiations. We assume the parties' familiarity with the facts and the procedural history of the case.

On appeal, defendant argues that the evidence of drug quantity was insufficient to support the District Court's conclusion that defendant was responsible for the importation of more than 15 kilograms of cocaine. Factual determinations such as drug quantity are reviewed for clear error. *United States v. Garcia,* 413 F.3d 201, 221 (2d Cir.2005). In calculating drug weight for purposes of determining offense level, the district court can "consider all transactions engaged in by [defendant] or by his coconspirators ... if the transactions were either known to him or reasonably foreseeable to him." *United States v. Richards,* 302 F.3d 58, 70 (2d Cir.2002) (citations and internal quotation marks omitted). In this case, the United States Probation Office, in its Presentence Investigation Report ("PSR"), calculated that defendant was responsible for 26.54 kilograms of cocaine. Additionally, the judge, although he was not bound by the jury's answer, put to the jury the question of whether defendant was responsible for more than fifteen kilograms of cocaine, which the jury answered affirmatively. In our review of the record, we find no error in the District Court's determination that defendant was responsible for more than fifteen kilograms of cocaine.

Defendant also argues that the District Court abused its discretion in declining to apply the "safety valve" provision of the Guidelines, U.S.S.G. § 5C1.2 (a). "The plain language of the statute [18 U.S.C. § 3553(f) ] requires the district court to make its own determination whether [a defendant] satisfied the safety-valve provi-

sion." *United States v. Gambino,* 106 F.3d 1105, 1110 (2d Cir.1997). "[W]e owe a district court deference with respect to factual findings, especially those based on witness credibility." *United States v. Nuzzo,* 385 F.3d 109, 118 (2d Cir.2004). In order to be eligible for a "safety-valve" reduction under U.S.S.G. § 5C1.2(a), a defendant must not be, *inter alia,* "an organizer, leader, manager, or supervisor of others in the offense." During the sentencing hearing, the District Court found, by a preponderance of the evidence, that defendant was a "manager or supervisor managing and supervising the activities of the many couriers who were involved in the offense." As such, the Court concluded defendant was not eligible for the safety valve provision. We find no error in the Court's decision.

Defendant also argues that the District Court's comments during the plea colloquy pressured him to go to trial. While a district court must not involve itself in the plea negotiations, Fed.R.Crim.P. 11(c)(1), before accepting a guilty plea, it must assure itself that defendant understands his rights and the nature of the charges against him; ensure that the plea is voluntary; and determine that there is a factual basis for the plea. In this case there was no error; the District Court's discussion during the colloquy attempted to ensure that there was a factual basis for the plea and that the plea was entered into knowingly and voluntarily.

Upon a review of the record and the relevant law, we detect no error in the District Court's judgment of June 1, 2005. We have considered all of petitioner's claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.